# EXHIBIT A

E-FILED; Montgomery Circuit Court
Docket: 9/15/2022 9:43 PM; Submission: 9/15/2022 9:43 PM

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| FAIRFAX REALTY OF ROCKVILLE, LLC<br>d/b/a REALTY ADVANTAGE<br>2403 Research Blvd, Suite 101<br>Rockville, MD 20850<br><br>and<br><br>ELLEN L. LIMA<br>2403 Research Blvd, Suite 101<br>Rockville, MD 20850<br><br>    Plaintiffs,<br><br>v.<br><br>GREENWICH INSURANCE COMPANY<br>70 Seaview Ave<br>Stamford, CT 06902-6066<br><br>    Defendant.<br><br>Serve:  Greenwich Insurance Company<br>        c/o Kathleen A. Birrane<br>        Maryland Insurance Commissioner<br>        200 St. Paul Place, Suite 2700<br>        Baltimore, MD 21202<br><br>Serve:  Pearl Insurance Group, LLC<br>        R/A CSC-Lawyers<br>        Incorporating Service Company<br>        7 St. Paul Street<br>        Suite 820<br>        Baltimore MD 21202 | Case No. _____ |

## **COMPLAINT**

COME NOW your Plaintiffs, Fairfax Realty of Rockville, LLC, and Ellen L. Lima, by and through counsel, who respectfully move this Honorable Court for entry of judgment and

Page 1 of 15

award of execution against Defendant Greenwich Insurance Company for the reasons and in the amounts hereinafter set forth:

## PARTIES

1. Plaintiff Fairfax Realty of Rockville, LLC, d/b/a Realty Advantage (hereinafter "Fairfax Realty") is a Maryland limited liability company whose principal office is located at 2403 Research Blvd., Ste.10, Rockville MD 20850.

2. Fairfax Realty is a licensed broker primarily engaged in the business of listing and buyer brokerage services for sellers and buyers of realty in Maryland.

3. Plaintiff Ellen L. Lima is an individual resident of Maryland. At all times relevant to this Complaint, she was (and is) a licensed Maryland real estate agent and/or salesperson (Registration No. 592384) with Plaintiff Fairfax Realty.

4. Defendant Greenwich Insurance Company (Greenwich) is a foreign corporation registered to do business in Maryland whose principal office is located at 70 Seaview Ave, Stamford, CT 06902.

5. Greenwich is registered with and authorized by the Maryland Insurance Commission to issue insurance policies to Maryland residents and entities.

6. Greenwich's authorized agent and the producer relevant to this action is Pearl Insurance Group, LLC.

## FACTS COMMON TO ALL COUNTS

7. By virtue of a March 1, 2010, GCAAR Broker-Real Estate License Contract for Independent Contractor, Fairfax Realty, Inc. the predecessor of Plaintiff Fairfax Realty, agreed to provide Plaintiff Lima with Errors and Omission Insurance.

8. Since 2010, by virtue of this contract, Plaintiff Fairfax Realty has over the years

purchased Errors and Omission Insurance for Plaintiff Lima.

9. On March 11, 2021, Greenwich, by and through its agent Pearl Insurance Group, issued an Errors and Omissions policy of insurance, Policy No. PEG917 2002-6, to Fairfax Realty.

10. A copy of this particular Policy which has an effective coverage period of March 14, 2021-March 14, 2022 is attached hereto as **Exhibit 1**.

11. Pursuant to the terms of this Policy, Fairfax Realty, as the "Named Insured," enjoys the coverage, protections, rights and services identified by the Policy.

12. Pursuant to the terms of this Policy, Ellen Lima, due to her status as an independent contractor working for Plaintiff Fairfax Realty, is an "Insured" under the Policy. As an "Insured," she enjoys the coverage, protections, rights, and services identified by the Policy.

13. Pursuant to the Policy's terms, Greenwich is required to defend and indemnify Fairfax Realty and Lima with respect to claims by third parties related to acts or omissions in the performance of real estate services by Fairfax Realty and Lima.

14. At all times relevant hereto, Greenwich's duty to defend Fairfax Realty and Lima against claims by third parties was, and is, broader than its duty to indemnify Fairfax Realty and Lima for such claims.

15. On or about April 22, 2021, Plaintiffs received a written claim seeking damages in the amount of two million dollars from Charles E. Remus II, Esq., writing as counsel for a real estate buyer named Scott Roewer.

16. Roewer sought damages from both Fairfax Realty and Lima because of defects he asserted existed in a renovated home he had purchased following his review of an MLS listing Lima had posted in January 2019.

17. Roewer's demand letter alleged, *inter alia,* that Lima and Fairfax Realty "failed to disclose Ellen Lima's relationship to the [LLC which owned the property], were complicit in making fraudulent representations to the Purchaser about the Property, and/or assisted in fraudulently concealing certain material facts from the Purchaser about the Property."

18. Counsel for Roewer went on to assert that Roewer was "entitled to compensatory damages totaling over $700,000.00, when factoring the $629,000 purchase price for the Residence, additional monies Purchaser invested in the Residence before discovering the latent defects and related fraud pertaining to the Property, and future rent that Purchaser will incur when he is forced to vacate the Residence during the reconstruction."

19. On May 7, 2021, Fairfax Realty tendered Roewer's claim letter and a Notice of Claim form to Greenwich's claim adjuster, AXA XL.

20. The Notice of Claim form, after advising that the amount demanded by Roewer's counsel was $2,000,000.00, limited its description or reference to the damages to costs to repair: "The Buyer is now claiming that additional items are defective and that the entire home needs to be completely renovated."

21. On May 17, 2021, Elizabeth Ives, an AXA XL senior account manager writing as agent of and claim adjuster for Greenwich, looking to the April 22, 2021 letter claim from Mr. Remus and Plaintiffs' May 7, 2021 Notice of Claim form, informed Plaintiffs that Greenwich would not defend nor indemnify Plaintiff Lima with respect to Roewer's two million dollar written claim demand.

22. After acknowledging receipt of the Plaintiffs' Errors and Omissions Claim Report and written communications from Attorney Remus, Ms. Ives declared that:

> "Our review of the matter leads us to find that there is no coverage under the policy for the claims as they are currently presented *as claims arising out of an*

> *Insured's [i.e., Ellen Lima's] sale of property or the insured's indirect financial interest in the entity that owns/owned the property giving rise to this claim* – are excluded under your Real Estate Professional Errors and Omissions Policy with Greenwich Insurance Company." (emphasis supplied)

23. After summarizing the contents of Roewer's counsel's correspondence and citing certain portions of the Policy, Ms. Ives concluded her correspondence by reiterating the grounds for Greenwich's denial of coverage for Plaintiff Lima:

> "As noted above, *this matter arises from the alleged misrepresentation and or intentional misrepresentations as to the renovations undertaken by the seller 3702 LLC which your office and agent listed for resale*. Given that your agent, Ellen Lima is married to a principal of the seller, 3702 LLC, we conclude there is no coverage due to indirect financial interest as noted by Exclusion K. Further claims of fraud and or intentional acts, as claimed in connection with the renovations is also excluded from coverage based on Exclusion C. Lastly, claims of property damages are also excluded from coverage based on Exclusion B. Regretfully, we will be unable to assist your agent [Lima] in this matter." (emphasis supplied)

24. After denying coverage for Plaintiff Lima, Ms. Ives letter does not state why Greenwich would not defend nor indemnify Plaintiff Fairfax Realty with respect to the two million dollar claim being made against it.

25. Greenwich never claimed Fairfax Realty had an indirect financial interest which might support invoking Exclusion K against it.

26. Greenwich also never claimed that any principal or officer of Fairfax Realty committed any fraud or intentional acts which could support invoking Exclusion C as to it.

27. No provision in the Policy declares a Named Insured, or indeed any Insured, loses the right of a paid defense because of any deliberate misconduct of a particular insured, and the exclusion Greenwich sought to invoke, Exclusion C, says Greenwich will provide an Insured with a defense against any claim alleging fraudulent or deliberate misconduct.

28. Not only is there no provision in the Policy which declares that a Named Insured loses the rights of a paid defense and indemnification because of any deliberate misconduct of an agent of the Named Insured, but Greenwich was, and is, precluded from refusing coverage to Fairfax Realty on any argument of agency because the nature of the relationship between Fairfax Realty and Lima was not principal/agent but was, per the May 1, 2000 GCAAR contract, one of proprietor/independent contractor.

29. As for Exclusion B, that which speaks to "property damage," Ms. Ives' letter did not speak to any property damage which was caused by any principal or office of Fairfax Realty, nor did her letter speak to any property damage which was caused by Lima. In fact Ms. Ives' letter is totally silent on the issue of whether any property damage occurred, when it occurred, and who was responsible for it.

30. Following Greenwich's denial to provide representation and, if necessary, indemnification to Fairfax Realty and Lima with respect Roewer's April 22, 2021 claim, Fairfax Realty and Lima retained counsel who replied to Ives by way of letter dated and emailed on June 14, 2021.

31. Plaintiffs' counsel's June 14th correspondence disputed Greenwich's denial of coverage and explained the reasons Roewer's claim did not allege acts within the Policy's "insured-owned property" and "intentional acts" exclusions.

32. This June 14, 2021 correspondence also addressed why Exclusion B, the Property Damage Exclusion, an Exclusion which was invoked without any explanation or support by Greenwich in its May 2021 denial letter, was not applicable.

33. Greenwich did not respond to Plaintiff counsel's June 14, 2021 letter.

34. Lima and Fairfax Realty were then served a Writ of Summons and Complaint filed by Mr. Roewer's counsel in Montgomery County Circuit Court. Accompanying the summons and complaint were voluminous discovery requests addressed to each Plaintiff.

35. On June 21, 2021, Plaintiffs' counsel emailed a copy of the lawsuit and discovery requests to Greenwich's agent Ives.

36. In addition to tendering the complaint and discovery, Plaintiff counsel's June 21st email demanded that Greenwich defend Fairfax Realty and Lima with respect to the Roewer litigation, due to the following facts: 1) Roewer's complaint was devoid of any allegations that Fairfax Realty or Lima held any relevant ownership interest in Roewer's realty, 2) two of the counts in Roewer's complaint– Negligent Misrepresentation and Unjust Enrichment – did not allege intentional or willful conduct by Fairfax Realty or Lima; and 3) the majority of damages asked for, if not all of them, were not "property damages" as that term is defined by the Policy.

37. When this second letter did not elicit a response and when the time within which Plaintiffs had to file a responsive pleading began to slip away, Plaintiffs' counsel on July 7, 2021 sent a third letter to Greenwich. This third letter reiterated how the allegations of the Complaint did not invoke any of the three Exclusions cited by Greenwich. Greenwich therefore needed to "timely respond to the Complaint and to the discovery issued by Plaintiff's counsel."

38. Greenwich's agent Ives replied to Fairfax Realty's counsel by correspondence dated July 8, 2021.

39. Ms. Ives' July 8th correspondence stated Greenwich would not defend Fairfax Realty and Lima in the litigation filed by Roewer after Greenwich refused to respond to Roewer's April 22nd, 2021 demand letter.

40. According to this July 8th correspondence, Greenwich's denial was no longer premised upon the "insured-owned property" or "intentional acts" exclusions.

41. Greenwich now limited its argument to its impression that "the Policy does not provide coverage for claims based on or arising out of property damage."

42. Neither Roewer's April 22nd demand letter nor his June 2021 Complaint advanced a claim based on or arising out of property damage.

43. In Greenwich's May 17, 2021 correspondence refusing to defend Plaintiffs with respect to Roewer's April 22, 2021 demand, Greenwich recognized Roewer's claims *"as claims arising out of an Insured's sale of property or the insured's indirect financial interest in the entity that owns/owned the property, giving rise to this claim."* (emphasis supplied)

44. In Greenwich's July 8, 2021 correspondence refusing to defend Plaintiffs in the Roewer litigation, Greenwich declared "The Complaint *seeks damages arising out of various defects at the home.*" (emphasis supplied)

45. Furthermore, contrary to any argument that Roewer's claim simply arose out of "property damage," Greenwich's July 8th correspondence admitted Roewer's claim against Plaintiffs arose from 5 claims, specifically an alleged Fraudulent Misrepresentation claim (Count I), a Fraudulent Concealment claim (Count II), a Negligent Misrepresentation claim (Count IV), a Civil Conspiracy claim (Count VII), and an Unjust Enrichment claim (Count VIII).

46. While Greenwich's belated "property damage" argument wrongly presumes that claims simply arise from the type of damage claimed and not by acts or omissions such as those Roewer alleged in the five Counts he brought against Plaintiffs, in its analysis/summary of those five Counts, Greenwich never identified "property damages" as the damages that any of the five Counts sought.

47. When discussing Count I, for example, Greenwich recognized that Roewer only alleged that he "suffered damages," and that some unspecified portion of these damages were "punitive."

48. When discussing Counts II and Count IV, Greenwich recognized that Roewer only alleged that he "suffered damages."

49. When describing Count IV (Conspiracy), Greenwich said that Roewer again merely alleged that "he suffered damages," an unspecified portion of which were punitive.

50. The most Greenwich said Roewer alleged insofar as the character of his damages is concerned was said during its discussion of Count VIII (Unjust Enrichment). There, Greenwich said "Roewer seeks: actual, compensatory and/or consequential damages; punitive damages; reasonably (*sic*) attorneys' fees and costs; pre- and post- judgment interest, and any other appropriate relief."

51. Greenwich knew or should have known it was breaching the policy and acting in bad faith when it communicated its "property damage" exclusion argument to Plaintiffs because Roewer's complaint is devoid of any allegation that Fairfax Realty or Lima caused property damage to Roewer's realty, but is replete with allegations of "negligent misrepresentation(s)" about, and "unjust enrichment" resulting from, "latent defects" and "incomplete renovations" to the realty, as well as damages resulting from Roewer's allegation that the realty "is of far less value" than the purchase price paid by Roewer.

52. Greenwich knew or should have known that it was breaching the policy and acting in bad faith when it communicated its "property damage" exclusion argument to Plaintiffs' because the July 8th correspondence advancing the argument affirmatively states Roewer's complaint "*seeks damages arising out of various defects at the home*" and quotes the complaint's

allegations that Roewer "suffered damages including the purchase price and closing costs as well as property taxes for a home not worth the $629,000.00 he paid for it. It is alleged that he has incurred and will continue to incur rental, moving, and storage expenses dues to the defects of the property. He further alleges a loss of use and enjoyment of the property along with mental anguish."

53. Plaintiffs' counsel responded to Greenwich on July 13, 2021 and warned Greenwich that Plaintiffs, because of Greenwich's wrongful refusal to defend, would take the actions necessary to defend themselves and would bring an action seeking to recover the costs they incurred in their defense.

54. More than three weeks after Plaintiffs' counsel sent this warning, Greenwich replied: "Our position is unchanged. Greenwich reaffirms its denial of coverage."

55. As a direct and proximate result of Greenwich's refusal to defend Plaintiffs against the claims in Roewer's demand letter and in the litigation initiated by Roewer against Plaintiffs, Plaintiffs incurred significant attorney's fees, expert witness fees, and litigation expenses.

56. Plaintiffs' counsel spent significant time investigating the allegations of Roewer's 30 page, 102 paragraph complaint, timely filed a response thereto, timely responded to the 23 Interrogatories and 76 Requests for Production Roewer served on each Plaintiff with the complaint, propounded discovery requests to Roewer in accordance with the Maryland Rules and scheduling order, reviewed Roewer's responses thereto and sent out additional discovery, reviewed the pleadings filed by the other three Defendants and coordinated a joint defense, interviewed, selected, and retained experts and attended an all-day site visit at Roewer's home with those experts in order to comply with the court's order regarding identification of experts,

filed a designation of experts, and otherwise vigorously defended the Plaintiffs in the Roewer litigation.

57. During the course of litigation, Plaintiffs also presented the coverage dispute described herein to the Maryland Real Estate Commission, but the Commission refused to adjudicate the claim because it believed the Plaintiffs' claim against Greenwich was not a claim within its jurisdiction.

58. Following extensive briefing and an oral hearing of Plaintiffs' motion to dismiss Roewer's initial complaint, this Court dismissed Roewer's claims against Fairfax Realty and Lima without prejudice on October 15, 2021 and granted Roewer leave to amend his complaint.

59. Roewer filed an amended complaint asserting additional causes of action against Fairfax Realty and Lima in November 2021.

60. Fairfax Realty and Lima then moved to dismiss Roewer's amended complaint and filed multiple briefs in support of their motion.

61. On March 2, 2022, this Court devoted several hours to the oral hearing of Fairfax Realty's and Lima's motion to dismiss the amended complaint and ultimately decided to grant the motion and dismiss Roewer's claims against Fairfax Realty and Lima with prejudice. A copy of this Court's March 7, 2022 order reflecting its ruling is attached as **Exhibit 2**.

62. At the time of this filing, Plaintiffs have incurred attorney's fees and expert witness fees in excess of $170,000.00, all of which is a direct and proximate result of Greenwich's breach of the parties' contract and bad faith refusal and denial of Plaintiffs' requests for defense and indemnity with respect to Roewer's April 2021 written demand and, when Greenwich refused to respond to that demand, to the complaint filed by Roewer.

63. The damages incurred by Plaintiffs include, but are not limited to, the attorney's fees, expert witness fees, and litigation costs incurred and expended to defend Fairfax Realty and Lima in the Roewer litigation, and attorney's fees and costs incurred and expended in their unsuccessful efforts to persuade Greenwich to honor its contractual obligations.

64. Greenwich is also liable to Plaintiffs for their attorney's fees and litigation costs incurred in this action because Plaintiff's' claims arise from Greenwich's wrongful refusal to defend or indemnify its insureds with respect to a claim covered by the parties' insurance policy.

## COUNT I - BREACH OF CONTRACT

64. Plaintiffs incorporate and restate all allegations in paragraphs 1 through 64 as though fully set forth herein.

65. At all times relevant hereto, Plaintiffs and Greenwich were parties to a Real Estate Professional Errors and Omissions Insurance Policy, the terms of which are attached as Exhibit 1.

66. The claims stated in Roewer's demand letter and subsequent lawsuit were claims covered by the terms of the Policy.

67. Plaintiffs timely tendered Roewer's demand letter and lawsuit to Greenwich, demanded that Greenwich cover, defend, and indemnify Plaintiffs with respect to Roewer's claim and later his lawsuit, and otherwise performed all duties and obligations required of them by virtue of the Policy's terms.

68. Greenwich breached the Policy's terms by denying and refusing to cover, defend, or indemnify Plaintiffs with respect to Roewer's demand letter and later his lawsuit.

69. At the time of this filing, Plaintiffs have incurred more than $170,000.00 in damages as a direct and proximate result of Greenwich's breach of the parties' contract and bad faith

refusal and denial of Plaintiffs' multiple requests for defense and indemnity with respect to the Roewer demand letter and later his lawsuit.

70. The damages incurred by Plaintiffs include, but are not limited to, the attorney's fees, expert witness fees, and litigation costs incurred and expended to defend Plaintiffs with respect to the claims tendered and litigation initiated by Roewer, and attorney's fees and costs incurred and expended in Plaintiffs' unsuccessful efforts to persuade Greenwich to honor its contractual obligations.

71. Greenwich is also liable to Plaintiffs for their attorney's fees and litigation costs incurred in this action because Plaintiff's' claims arise from Greenwich's wrongful refusal to defend its insureds with respect to claims covered by the parties' insurance policy.

WHEREFORE, the premises considered, Plaintiffs Fairfax Realty of Rockville, LLC and Ellen L. Lima respectfully move this Honorable Court for entry of an order awarding damages exceeding $75,000.00 against Defendant Greenwich Insurance Company for the reasons stated herein, awarding Plaintiffs their actual damages, attorney's fees and litigation costs incurred herein with interest at the legal rate from May 17, 2021, or, alternatively, for damages exceeding $75,000.00 with interest at the legal rate from judgment, and for such further relief as this Court finds just and due.

## COUNT II - DECLARATORY JUDGMENT

72. Plaintiffs incorporate and restate all allegations in paragraphs 1 through 71 as though fully set forth herein.

73. At all times relevant hereto, Plaintiffs and Greenwich were parties to a Real Estate Professional Errors and Omissions [Insurance] Policy, the terms of which are attached as Exhibit 1.

74. Plaintiffs' demanded Greenwich cover, defend, and indemnify them with respect to the claims stated in Roewer's demand letter and lawsuit because Plaintiffs contend Roewer's claims are covered by the Policy.

75. Greenwich denied Plaintiffs' demands and refused to cover, defend, and indemnify Plaintiffs with respect to Roewer's claims because Greenwich contends that Roewer's claims are not covered by the Policy.

76. Plaintiffs further contend Greenwich acted in bad faith when it denied Plaintiffs' demand for coverage and defense with respect to Roewer's claims, and that Greenwich's bad faith conduct is reflected in Greenwich's communications of multiple conflicting and shifting arguments in an effort to justify its refusal and denial of Plaintiffs' requests.

77. Litigation between the parties is imminent and inevitable because Plaintiffs have filed this action.

78. Plaintiffs asserted their right to coverage, defense, and indemnification with respect to the Roewer demand and complaint on multiple occasions and Greenwich challenged and denied Plaintiffs' claims of right on multiple occasions.

79. Plaintiffs incurred and paid attorney's fees, expert witness fees, litigation costs, and related expenses exceeding $170,000.00 to investigate and defend themselves against Roewer's demand letter and subsequent lawsuit, and Greenwich avoided payment of such fees and costs by refusing and denying Plaintiffs' claim for coverage under the parties' insurance policy.

WHEREFORE, the premises considered, Plaintiffs Fairfax Realty of Rockville, LLC and Ellen L. Lima respectfully move this Honorable Court to grant a declaratory judgment or decree pursuant to Md Code Cts & Jud Proc §3-401, *et seq.* declaring the parties' rights and duties under the Policy and award Plaintiffs further relief including, but not limited to Plaintiffs'

damages exceeding $75,000.00 against Defendant Greenwich Insurance Company, said damages consisting of Plaintiffs' attorney's fees, expert witness fees and litigation costs incurred and expended as a result of Greenwich's refusal to cover Roewer's claims, to award Plaintiffs their costs, attorney's fees, and litigation expenses incurred in this action by insureds seeking declaration and enforcement of an insurer's duty to cover claims pursuant to the parties' Policy, together with interest at the legal rate from May 17, 2021, and for such further relief as this Court finds just and due.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all counts.

FAIRFAX REALTY OF ROCKVILLE, LLC
ELLEN LIMA
by counsel.

_____
James A. Ray, Jr. (CPF #1009910010)
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
Phone: (301) 605-3705
Fax: (888) 385-8535
Email: jim@jimraylaw.com
*Counsel for the Plaintiffs*